## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.: 24-cv-24101-JB/Torres**

BRADLEY EGENBERG *et al.*,

        Plaintiffs,

v.

GABI FISH, *et al.*,

        Defendants.

_____/

NETWORK FREIGHT AND
LOGISTICS, LLC,

        Third-Party Plaintiff

v.

STAR INVESTMENT HOLDINGS, LLC,

        Third-Party Defendant

_____/

### ORDER GRANTING MOTION TO DISMISS
### SECOND AMENDED THIRD-PARTY COMPLAINT

**THIS CAUSE** comes before the Court upon Third-Party Defendant Star

Investment Holdings, LLC's Motion to Dismiss Second Amended Complaint. ECF

No. [85]. In the Motion, Star Investment argues that the Second Amended Third-

Party Complaint fails to allege a prima facie case of personal jurisdiction. *Id.*

Third-Party Plaintiff Network Freight and Logistics, LLC filed a Response in

Opposition to the Motion, and Star Investment filed a Reply. ECF Nos. [90], [96].

Upon due consideration of the parties' submissions, the pertinent portions of the

record, and the relevant authorities, for the reasons explained below, the Motion to Dismiss is **GRANTED**.

## I.   BACKGROUND

This action arises from an energy brokerage transaction in which Plaintiffs Bradley Egenberg and Mela Industrial, LLC, wired funds to Network Freight for costs relating to the purchase and storage of jet fuel.  ECF No. [35].  Plaintiffs allege that Network Freight and its principal, co-Defendant Gabi Fish, wrongfully transferred those funds and have refused to return them.  *Id*. ¶¶ 24, 36–37.  In its Second Amended Third-Party Complaint, Network Freight seeks to bring claims for indemnification and contribution against Star Investment, which Network Freight alleges "arranged and orchestrated the Jet Fuel Deal . . . ."  ECF No. [82] ¶ 8.

As relevant to the Motion, Plaintiffs are citizens of New York.  ECF No. [35] ¶¶ 5–6.  Network Freight is a citizen of Florida, as is its sole member, Mr. Fish.  ECF No. [82] ¶ 1.  Star Investment is a Louisiana limited liability company.  *Id*. ¶ 2.  According to the Second Amended Third-Party Complaint, "Brandon Gaspard is the principal and managing member of Star who personally directed and controlled Star's Florida-directed activities giving rise to this Third-Party Complaint."  *Id*. ¶ 2.

The Second Amended Third-Party Complaint does not identify the statutory basis on which the Court allegedly has personal jurisdiction over Star Investment.  *See generally*, ECF No. [82].  Indeed, the Second Amended Third-Party Complaint does not mention Florida's long-arm statute, Fla. Stat. § 48.193, at all.  *Id*.  Instead, Network Freight alleges that "[t]his Court has personal jurisdiction over Star

because Star orchestrated the Jet Fuel Deal and obtained invoices from 2BestConnect that designated NFL — a Florida limited liability company located in Miami Beach — as the payment beneficiary." *Id.* ¶ 3. Network Freight further alleges that "Star, through its attorney Joshua Koch, then sent correspondence directly to NFL in Miami Beach discussing these invoices and directing a refund of over one million dollars back to his client." *Id.*

In addition, Network Freight alleges that "Star's principal, Brandon Gaspard, has demonstrated Star's purposeful availment of Florida through text message communications with Plaintiff Egenberg" regarding the status of this litigation. *Id.* ¶ 4. Network Freight also alleges that "Gaspard also voluntarily submitted a sworn affidavit in this Florida proceeding that Plaintiffs have relied upon—demonstrating Star's willingness to participate in Florida litigation when it serves Star's interests." *Id.* ¶ 5; *see also* ¶ 16 ("Notably, Gaspard voluntarily submitted this affidavit in this Florida proceeding, thereby availing himself of Florida's judicial forum when it suited Star's interests.").

Star Investment has now moved to dismiss the Second Amended Third-Party Complaint. ECF No. [85]. Star Investment argues that Network Freight has failed to allege a prima facie case of personal jurisdiction. *Id.* In particular, Star Investment argues that Network Freight's jurisdictional allegations are insufficient because they do not reflect that Star Investment engaged in any conduct directed to Florida that could give rise to personal jurisdiction. *Id.* at 6–8.

Network Freight filed a Response. ECF No. [90]. It argues that Star

Investment is subject to personal jurisdiction under Fla. Stat. § 48.193(1)(a)(2) on the basis that Star Investment allegedly committed tortious acts in Florida. *Id.* at 4–5.  Network Freight contends that it satisfied Section 48.193(1)(a)(2) by alleging "that Star orchestrated a fraudulent jet fuel transaction, designated NFL – a Florida limited liability company with its principal place of business in Miami Beach – as the payment beneficiary, and directed wire transfers to NFL." *Id.* at 4. Network Freight also argues that Star Investment is subject to personal jurisdiction under Fla. Stat. § 48.193(1)(a)(1) on the basis that Star Investment is engaged in business activity in Florida. *Id.* at 5–6.   To this end, Network Freight contends that "Star engaged in a business venture in Florida by deliberately routing its transaction through a Florida intermediary for profit." *Id.* at 5.  Further, Network Freight contends that Star Investment's conduct satisfies due process. *Id.* at 6–9. Finally, Network Freight argues that Star Investment failed to meet its burden to challenge personal jurisdiction. *Id.* at 9–10.  In the alternative, Network Freight requests that the Court grant it leave to conduct jurisdictional discovery. *Id.* at 10.

## II.   ANALYSIS

"A court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). To determine whether personal jurisdiction exists,

> "[a] federal court . . . undertakes a two-step inquiry . . . : the exercise of jurisdiction must (1) be appropriate under the state long-arm statute, and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution."

*United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  Under Florida's

long-arm statute, "a defendant can be subject to either specific personal jurisdiction (jurisdiction in suits arising out of or relating to the defendant's contacts with Florida) or general personal jurisdiction (jurisdiction over any claims against a defendant, notwithstanding any connection *vel non* with Florida . . . .)." *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1343 (S.D. Fla. 2017). "Irrespective of the method, 'Florida's long-arm statute is to be strictly construed ... [and] federal courts are required to construe it as would the Florida Supreme Court.'" *Serra-Cruz v. Carnival Corp.*, 400 F. Supp. 3d 1354, 1358 (S.D. Fla. 2019) (quoting *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1340 (S.D. Fla. 2014)).

"A plaintiff seeking to establish personal jurisdiction over a non-resident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "Vague and conclusory allegations do not satisfy this burden." *Catalyst Pharm., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018) (citation omitted). If the plaintiff fails to allege a prima facie case of personal jurisdiction, "the burden does not shift to defendant to disprove personal jurisdiction and dismissal is appropriate." *Ivanovic v. Overseas Mgmt. Co.*, No. 11-cv-80726, 2011 WL 5508824, at * 2 (S.D. Fla. Nov. 9, 2011) (citation omitted); *see also Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) ("First, the plaintiff must allege sufficient facts in his complaint to initially support long arm jurisdiction before the burden shifts to the defendant to

make a prima facie showing of the inapplicability of the statute.").

As explained below, Network Freight has failed to meet its initial burden to allege a prima facie case because the Second Amended Third-Party Complaint alleges no facts that support long-arm jurisdiction.

### A. Network Freight Does Not Allege Facts That Bring Star Investment Within the Purview of Fla. Stat. 48.193(1)(a)(2).

Network Freight first argues that it has alleged sufficient facts to show that Star Investment is subject to personal jurisdiction under Section 48.193(1)(a)(2) of Florida's long-arm statute.  ECF No. [90] at 4.  Section 48.193(1)(a)(2) provides that specific personal jurisdiction exists over any person who "commit[s] a tortious act within this state."  Fla. Stat. § 48.193(1)(a)(2).  Network Freight asserts that Star Investment's actions in "direct[ing] wire transfers to [Network Freight]," "sen[ding] correspondence directly to NFL in Miami Beach demanding a refund," and "engaging in text message communications with Plaintiff Egenberg regarding this Florida litigation" are tortious acts which caused injury to Network Freight in Florida, thereby giving rise to personal jurisdiction.  ECF No. [90] at 4.  This argument runs counter to the allegations of the Second Amended Complaint and the relevant law.

The Second Amended Third-Party Complaint alleges that "[t]his Court has personal jurisdiction over Star because Star orchestrated the Jet Fuel Deal and obtained invoices from 2BestConnect that designated NFL — a Florida limited liability company located in Miami Beach — as the payment beneficiary."  ECF No. [82] ¶ 3. This allegation does not support personal jurisdiction under section

6

48.193(1)(a)(2).   First, the facts alleged reflect that any actions Star Investment took in "orchestrat[ing] the Jet Fuel Deal" were directed to Plaintiff Egenberg, who is a citizen of New York.  *Id.* ¶ 9 ("Star pitched the Jet Fuel Deal *to Plaintiff Egenberg*, explaining that Star needed working capital to complete the transaction, particularly for costs related to fuel storage and transfer.") (emphasis added); ¶ 10 ("Star's attorney, Joshua Koch, *introduced Plaintiff Egenberg* to the investment opportunity, identifying invoices that needed payment, including a November 2, 2022 invoice from 2BestConnect, a Dutch company, for $222,300.00 for alleged storage services.") (emphasis added).   These alleged contacts do not help satisfy Network Freight's burden because "contact with out-of-state [persons] does not constitute conduct 'within this state.'" *Dvoinik v. Rabl*, No. 22-cv-24226, 2024 WL 923917, at * 10 (S.D. Fla. Jan. 30, 2024), *report and recommendation adopted by* 2024 WL 655936, at * 2 (S.D. Fla. Feb. 16, 2024); *see also Rautenberg v. Falz*, 193 So. 3d 924, 930 (Fla. 2d DCA 2016) ("A complaint is not legally sufficient to allege personal jurisdiction based on tortious acts when the complaint fails to allege that the acts were committed within Florida.").   There are no factual allegations that Star Investment took actions directed to Network Freight, or anyone else in Florida, in connection with allegedly orchestrating the Jet Fuel Deal.

Next, Network Freight's allegation reflects that Star Investment did not designate Network Freight as payment beneficiary in connection with the Jet Fuel Deal—nonparty 2BestConnect did so.   In particular, Network Freight alleges that Star Investment obtained invoices from 2BestConnect and those invoices designated

Network Freight as payment beneficiary.  ECF No. [82] ¶ 3 ("Star orchestrated the Jet Fuel Deal and obtained invoices from 2BestConnect that designated NFL — a Florida limited liability company located in Miami Beach — as the payment beneficiary).[1]  Network Freight attaches correspondence to its Second Amended Third-Party Complaint which confirms that Star Investment did not designate Network Freight as payment beneficiary.  Specifically, Network Freight attaches a demand letter from Star Investment's attorney which seeks a refund of monies which were paid to Network Freight "at the instructions of 2BestConnect[.]"  ECF No. [82-1] at 2.  This letter, which is considered part of the Second Amended Third-Party Complaint, contradicts Network Freight's current argument that Star Investment directed wire transfers to Network Freight.  *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Williams v. Capital One Bank (USA) N.A.*, 785 F. App'x 741, 745 (11th Cir. 2019) ("[W]hen documents attached as exhibits in support of a complaint contradict the factual allegations in the pleading, the exhibits control.") (citation omitted).

Network Freight also relies on this demand letter to argue that it has

---

[1] Notably, co-Defendant Gabi Fish, who is the sole member and manager of Network Freight, filed a Motion for Summary Judgement wherein he identifies, as undisputed facts, that the invoices at issue in this action—which were issued by *2BestConnect*—designated Network Freight as payment beneficiary. *See* ECF No. [54] ¶ 3 ("On September 30, 2022, non-party 2BestConnect B.V. issued an invoice for $294,000.00. The payment instructions on this invoice specifically directed payment to: "Network Freight and Logistics LLC, Account No: XXXXXX6176."); ¶ 4 ("On November 2, 2022, 2BestConnect B.V. issued a second invoice for $222,300.00. The payment instructions were identical: "Network Freight and Logistics LLC… account No: XXXXXX6176.").

sufficiently alleged a prima facie case of personal jurisdiction.  *See* ECF No. [90] at 4 (arguing that personal jurisdiction exits under section 148.193(1)(a)(2) because "[w]hen the transaction failed due to Star's arrangements with 2BestConnect, Star's attorney sent correspondence directly to NFL in Miami Beach demanding a refund.").  Network Freight's reliance is misplaced.  The demand letter is unavailing because it did not give rise to Network Freight's claims in its Second Amended Third-Party Complaint.  Network Freight alleges two causes of action: indemnification and contribution.  Network Freight alleges that it is entitled to indemnification because "Star is the party primarily at fault in this matter. Star orchestrated the Jet Fuel Deal, pitched it to Plaintiffs, and was responsible for the arrangements with 2BestConnect that fell through."  ECF No. [82] ¶ 24.  This claim is not based on Star Investment's demand for a refund.

The same is true for Network Freight's claim for contribution.  Network Freight alleges that it is entitled to contribution on the basis that:

> if NFL is found liable to Plaintiffs under any of these claims, Star would share in this liability as a joint tortfeasor for the same injuries alleged by Plaintiff.  Star would be jointly liable because: a. Star orchestrated the Jet Fuel Deal; b. Star pitched the Jet Fuel Deal to Plaintiffs; c. Star's attorney introduced Plaintiffs to the transaction; d. Star was responsible for the arrangements with 2BestConnect that fell through; and e. If the transaction is deemed fraudulent, Star would be jointly liable as the party that orchestrated the deal.

*Id*. ¶¶ 33–34.  Again, this claim is not based on Star Investment's demand for a refund.

"Specific jurisdiction only exists if the cause of action arises from the tortious act or the injury within the state." *Radiation Shield Tech., Inc. v. NATS, Inc.*, No.

9

22-+cv-23669, 2023 WL 399863, at * 2 (S.D. Fla. Jan. 25, 2023).   Importantly, specific personal jurisdiction "concerns a nonresident defendant's contacts with Florida only as those contacts relate[ ] to the plaintiff's cause of action." *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1352 (citing *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1220 n.27 (11th Cir. 2009)) (emphasis supplied).   Given that Network Freight's claims do not arise from Star Investment's refund request, its assertion that Star is subject to personal jurisdiction under section 148.193(1)(a)(2) because it sent the demand letter is without merit.[2]

Network Freight's remaining argument is likewise without merit.   Network Freight argues that text messages between Star Investment's principal and Plaintiff Egenberg regarding the status of this litigation, and emails they exchanged regarding an affidavit that Star Investment's principal signed for Plaintiffs' use in this case, constitute tortious acts that injured Network Freight in Florida.   ECF No. [90] at 4.   This argument fails for several reasons.   First, Network Freight offers no explanation how those communications, such as "[w]hat is happening with the filing against Fish" or "How is it going with the filing. I haven't heard about this side at all.   What did judge do?, ECF No. [82] ¶ 17, constitute

---

[2] The only case that Network Freight cites in support of its position is distinguishable. In *SkyHop Tech., Inc. v. Narra*, the Eleventh Circuit held that the plaintiff sufficiently alleged that the nonresident defendant was subject to personal jurisdiction for committing a tortious act in Florida based upon emails it sent to the plaintiff demanding payment.   58 F.4th 1211, 1225 (11th Cir. 2023).   The Eleventh Circuit reasoned that the emails gave rise to specific jurisdiction because the plaintiff asserted claims under the Computer Fraud and Abuse Act on the basis that the emails constituted threats.   *Id*. at 1224-25.   By contrast here, Network Freight's claims for indemnification and contribution are not based upon Star Investment's demand letter.

tortious acts or caused injury to Network Freight.  Mere curiosity is not tortious. The same deficiencies lie with respect to the affidavit from Star Investment's principal. Network Freight makes no showing that the act of signing an affidavit for use in Florida litigation is tortious conduct or resulted in harm to Network Freight. Further, Star Investment's principal directed those communications to Egenberg who is in New York, not to Network Freight (or anyone else) in Florida.  Finally, those communications did not give rise to Network Freight's claims for indemnification or contribution.

For all these reasons, the Court concludes that Network Freight has failed to allege a prima facie case that Star Investment is subject to personal jurisdiction under section 48.193(1)(a)(2).

### B. Network Freight Does Not Allege Facts That Bring Star Investment Within the Purview of Fla. Stat. 48.193(1)(a)(1).

Network Freight also argues that it has alleged sufficient facts to show that Star Investment is subject to personal jurisdiction under section 48.193(1)(a)(1) of Florida's long-arm statute.  ECF No. [90] at 5–6.  Section 48.193(1)(a)(1) provides that specific personal jurisdiction exists over any person "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state."  Fla. Stat. § 48.193(1)(a)(1).  Network Freight's only argument is that Star Investment "engaged in a business venture in Florida by deliberately routing its transaction through a Florida intermediary for profit."  ECF No. [90] at 5.  However, as explained above, the Second Amended Complaint reflects that Star Investment did not choose Network Freight as payment beneficiary,

2BestConnect did so. In other words, Network Freight's own pleading refutes its contention that Star Investment "deliberately rout[ed] its transaction through a Florida intermediary." Network Freight further asserts that "engaging NFL was integral to Star's business scheme." *Id*. But again, this contention is contrary the Second Amended Complaint which confirms that 2BestConnect—not Star Investment —"engaged NFL."

A nonresident defendant also carries on a business venture in Florida only when its collective activities "show a general course of business activity in the State for pecuniary benefit." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (citing *Dinsmore v. Martin Blumenthal Assocs., Inc.*, 314 So. 2d 561, 564 (Fla. 1975)). Even if the Second Amended Third-Party Complaint showed that Star Investment "deliberately routed" the Jet Fuel Deal through Network Freight, such allegations would still be insufficient. "Florida courts have declined to exercise long arm jurisdiction [under § 48.193(1)(a)(1)] where the transaction in question was isolated and did not involve any continued activity." *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 786 (11th Cir. 2014) (collecting cases). Accordingly, the Court concludes that Network Freight has failed to allege a prima facie case that Star Investment is subject to personal jurisdiction under section 48.193(1)(a)(1).

Given that Network Freight has failed to plead a prima facie case of personal jurisdiction, it is unnecessary to determine whether Star Investment has sufficient minimum contacts with Florida to satisfy due process concerns. *See Madara v.*

12

*Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) ("Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant."); *Goldberg v. United States*, 2014 WL 2573060, *6 (S.D. Fla. June 9, 2014) ("Because the Court determines that [plaintiff] failed to allege sufficient facts to satisfy Florida's long-arm statute, it is unnecessary to address whether minimum contacts exist.").

### C. Network Freight is Not Entitled to Jurisdictional Discovery or Leave to Amend.

In the alternative, Network Freight requests leave to conduct jurisdictional discovery. ECF No. [90] at 10. In any event, "a party is not entitled to jurisdictional discovery solely to remedy a lack of jurisdictional facts or an insufficient pre-filing investigation." *In re Zantac*, 706 F. Supp. 3d 1363, 1367-68 (S.D. Fla. 2020). Given that Network Freight's allegations of personal jurisdiction are facially insufficient, it cannot use jurisdictional discovery to cure this defect

The Court notes that Network Freight does not request leave to further amend its Second Amended Third-Party Complaint should the Court grants Star Investment's Motion to Dismiss. *See generally*, ECF No. [90]. For the sake of completeness, the Court considers whether leave to amend is warranted. This is the second time that Star Investment has moved to dismiss for failure to sufficiently allege personal jurisdiction. The Court held oral argument on Star Investment's initial motion to dismiss at which it explained its reasons for concluding that Network Freight did not adequately plead personal jurisdiction. ECF Nos. [80], [81]. Network Freight was given an opportunity to amend, which

resulted in the Second Amended Third-Party Complaint. ECF No. [81]. In any event, for the reasons explained above, Network Freight has again failed to sufficiently allege personal jurisdiction.

The Court is not required to give a counseled plaintiff like Network Freight more than one opportunity to amend. *See Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.,* 673 F. App'x 925, 930 (11th Cir. 2016) ("We have never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint . . . ."). Accordingly, in the exercise of its discretion, the Court concludes that dismissal without leave to amend is proper.

## III.   CONCLUSION

For all these reasons, it is hereby **ORDERED AND ADUDGED** that Third-Party Defendant's Motion to Dismiss Second Amended Third-Party Complaint, ECF No. [85], is **GRANTED**. The Second Amended Third-Party Complaint, ECF No. [82], is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 13th day of April, 2026.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

14